# EXHIBIT A

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **COURT OF COMMON PLEAS** |
| | ) | **FIFTH JUDICIAL CIRCUIT** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **CASE NO.** |
| | | |
| **AERO SERVICES, INC.,** aka | ) | |
| **AERO PLUMBING SERVICES, INC.,** | ) | |
| | ) | |
| | ) | **SUMMONS** |
|     **Plaintiff,** | ) | |
| | ) | |
| **MAIN STREET AMERICA ASSURANCE CO.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |
| | ) | |

TO:  THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to the said Complaint to Bernstein & Bernstein, LLC, Attorneys at Law, 1019 Assembly Street, Columbia, South Carolina 29201, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to do so, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Complaint.

                                            Respectfully submitted,

                                            **BERNSTEIN & BERNSTERN, LLC**

            By:     *s/Lowell E Bernstein*
                        Lowell E. Bernstein (Bar No. 66566)
                        Beth E. Bernstein (Bar No. 7189)
                        1019 Assembly Street
                        Columbia, South Carolina 29201
                        Telephone: (803) 799-7900
                        Facsimile: (803) 799-7996
                        Email: lowell@bblawsc.com
                        ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **COURT OF COMMON PLEAS** |
| ) | **FIFTH JUDICIAL CIRCUIT** |
| ) | |
| **COUNTY OF RICHLAND** ) | **CASE NO.** |
| **AERO SERVICES, INC.,   aka** ) | |
| **AERO PLUMBING SERVICES, INC.,** ) | |
| ) | |
| ) | **COMPLAINT** |
| **Plaintiff,** ) | |
| ) | |
| **MAIN STREET AMERICA ASSURANCE CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

NOW COMES Plaintiff, by and through its undersigned counsel, who alleges and will show onto this honorable court the following:

## JURISDICTION

1. Plaintiff Aero Services, Inc., aka Aero Plumbing Services, Inc., [hereinafter "Aero"] is a corporation organized and existing by and through the State of South Carolina, with its principal place of business in the County of Richland, State of South Carolina.

2. Defendant Main Street America Assurance Company [hereinafter referred to as "MSAA"], upon information and belief, is a foreign corporation organized and existing under the laws of a state other than South Carolina, and engages in and transacts business within the State of South Carolina, by and through subsidiaries, agents, employees and/or servants.

3. The parties hereto, the subject-matter hereof, and all things and matters hereinafter alleged, are within the jurisdiction of this honorable Court.

1

4. This Court is the appropriate venue hereto pursuant to South Carolina Code Annotated §15-7-30(F) and/or (G).

## FACTUAL BACKGROUND

5. On May 30, 2017, Tameka R. Price (hereinafter "Price") instituted an action in Richland County, South Carolina, Civil Action Number 2017-CP-40-03323, alleging negligence against Aero and others, for injuries and damages she sustained from the ingestion of contaminated water while living at a residential condominium complex known as Lexington Green located at 1208 Bush River Road, Columbia, South Carolina.

6. Specifically, Price alleged she contracted and was infected by a bacterium, Cupriavidus Pauculus, among others, from "consuming, bathing in and/or otherwise being exposed to the water supply and water at issue at Lexington Green."

7. With regard to Aero, Price alleged negligence in the maintenance and repair work on the water systems at issue for Lexington Green.

8. Upon being served with the lawsuit, Aero immediately provided notice to MSAA, with whom Aero had business insurance policy, policy number MPG5067G, and requested that MSAA provide a defense and indemnity pursuant to said policy.

9. On or about June 14, 2017, MSAA acknowledged notice of the lawsuit and sent a reservation of rights letter, denying coverage based on the contention that the business policy's "Fungi or Bacteria Endorsement specifically

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

excludes coverage for bodily injury caused in whole or in part by exposure to bacteria."

10. On or about July 5, 2017, MSAA's attorney reiterated the initial denial regarding the duty to defend or indemnify Aero under the terms of the policy.

11. On or about May 22, 2018, after being provided notice of the Amended Complaint in the underlying lawsuit against Aero, MSAA's attorney sent Aero another denial of coverage letter.

12. On or about July 31, 2018, Price filed her Third Amended Complaint that, in addition to alleging negligence by Aero, also alleged for the first time premises liability, strict liability, and breach of implied warranties. MSAA again relied on the Fungi and Bacteria Exclusion in denying coverage for all of the causes of action.

13. Aero retained personal counsel to litigate and defend it in the lawsuit brought by Price. The case entailed voluminous discovery and numerous depositions, including various experts.

14. Mediation was scheduled for February 28, 2019, and MSAA, by and through its counsel, was provided notice of the same.

15. Prior to mediation, Aero's counsel sent MSAA a letter requesting that MSAA accept the claim and defend Aero. Aero's counsel noted that the Fungi or Bacteria Exclusion "does not apply to any 'fungi' or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption. . . . [C]ourts that have construed the same language . . . have held that water constitutes a 'good' or 'product' intended for consumption."

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

16. Aero's counsel offered to supply MSAA documents and transcripts from the litigation process that could impact MSAA's previous denial of coverage.

17. On February 25, 2019, MSAA's counsel sent a letter reiterating its denial. MSAA did not request or seek to review any of the documents related to the underlying litigation.

18. Though Aero denied any negligence or wrongdoing, based upon the rising costs of defense and the uncertainty of a jury trial, particularly without insurance coverage or indemnity, it settled the underlying claim with Price on or about April 26, 2019.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

19. Plaintiff Aero realleges and incorporates herein by reference the allegations of the above paragraphs.

20. Plaintiff performed all obligations under its various contracts and insurance policies with Defendant, particularly said policy number MPG5067G referenced herein.

21. Defendant breached and continues to breach said insurance contract by failing to abide by the respective terms and conditions, by denying and/or failing to fully and reasonably review and adjust the underlying claim and pay all benefits owed, and by failing to defend and indemnify Plaintiff.

22. As a direct and proximate result of Defendant's breaches of contract, Plaintiff has suffered injury and damages, entitling Plaintiff to recover from Defendant actual, compensatory, and incidental damages and prejudgment interest.

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

## FOR A SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

23. Plaintiff realleges and incorporates herein by reference the allegations of the above paragraphs.

24. Each contract of insurance or consumer contract imposes on the parties a duty of good faith and fair dealing.

25. Plaintiff performed all obligations under the consumer contract and insurance policy and acted in good faith in all regards as to the contract between Plaintiff and Defendant.

26. Defendant breached the contract and its duty of good faith and fair dealing by denying benefits in contravention of Plaintiff and of Defendant's agent who sold the policy to Plaintiff, and by failing to abide by the terms of the contract and/or insurance policy, specifically by failing to defend or indemnify Plaintiff when it was sued.

27. That as a direct and proximate result of one or more of the acts of Defendant, and as a direct and proximate result thereof, Plaintiff has suffered actual, incidental, special, and consequential damages as set forth above and is entitled to an award of punitive damages against Defendant.

## FOR A THIRD CAUSE OF ACTION
### (First Party Bad Faith)

28. Plaintiff realleges and incorporates herein by reference the allegations of the above paragraphs.

29. As set forth above, there existed mutually binding contracts of insurance between Plaintiff and Defendant.

5

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

30. That upon issuance of its policy of insurance referenced above, Defendant MSAA was obligated to act in good faith and in a reasonable manner in providing protection afforded by said insurance policy and to do nothing wrong and/or harmful that would impair the insured's rights and ability to receive the protections and benefits afforded by said insurance policy.

31. Defendant has acted unreasonably and in bad faith, with willful and reckless disregard of its obligations to Plaintiff under the contract of insurance, in the following particulars, among others, to-wit:

    a. by failing to provide the full protections and benefits that the insured was and is entitled;

    b. by failing to adequately and completely investigate said loss and claim;

    c. by unjustified and unreasonable failure to defend and indemnify Plaintiff;

    d. by wrongfully failing to make certain payments and pay certain benefits under Plaintiff's insurance policy;

    e. by misconstruing and misapplying the policy language and the relevant statutes and case law;

    f. by failing to adopt and implement reasonable standards and procedures for the prompt, fair, and equitable investigation and payment of said claim;

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

      g.      by negligently, recklessly, unreasonably, without just cause, and/or in bad faith denying certain benefits and reimbursements for the subject loss and refusing and failing to pay certain benefits due under the policy; and

      h.      by misconstruing and misapplying legal precedent to avoid its obligations under the contract.

32. As set forth above, Defendant has failed to defend Plaintiff, failed pay certain benefits, and failed to indemnify as required under the mutually binding contract of insurance set forth herein.

33. As a direct and proximate result of Defendant's conduct, by and through its agents, employees and representatives, Plaintiff has incurred damages and continues to incur damages in an amount to be proven at trial. Plaintiff is entitled to an award of actual, consequential, and punitive damages, to include attorneys' fees and costs in bringing this action against Defendant MSAA.

**FOR A FOURTH CAUSE OF ACTION**
**(Unfair Insurance Claims Practices)**

34. Plaintiff realleges and incorporates herein by reference the allegations of the above paragraphs.

35. The conduct of Defendant as aforesaid violated the South Carolina Insurance Act provisions (S.C. Code Ann. §38-1-10 et. seq.) and applicable regulations including those certain provisions that relate to the sale and administration of an insurance policy and the proper payment of claims.

36. The conduct of Defendant was willful, knowing and in bad faith within the meaning of the South Carolina Insurance Act.

ELECTRONICALLY FILED - 2021 Apr 07 12:43 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4001628

37. Plaintiff has suffered damages as aforesaid by virtue of Defendant's violations. Said damages include, but are not limited to, unpaid benefits, costs to defend the underlying action, prejudgment interest, incidental damages, and attorneys' fees and costs.

38. That as a direct and proximate result of one or more of the acts of Defendant MSAA, and as a direct and proximate result thereof, Plaintiff has suffered actual, incidental, special, and consequential damages as set forth above and is entitled to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For statutory damages;

2. For a determination of benefits under the subject policy;

3. For actual, compensatory and incidental damages;

4. For an assessment of punitive damages;

5. Prejudgment interest in this action;

6. Plaintiff be awarded reasonable attorneys' fees and costs; and

7. For such further relief as this court deems necessary and proper.

.                                                   Respectfully submitted,

                                            **BERNSTEIN & BERNSTERN, LLC**

                                    By:    <u>s/Lowell E Bernstein</u>
                                           Lowell E. Bernstein (Bar No. 66566)
                                           Beth E. Bernstein (Bar No. 7189)
                                           1019 Assembly Street
                                           Columbia, South Carolina 29201
                                           Telephone: (803) 799-7900
                                           Facsimile:  (803) 799-7996
                                           Email: lowell@bblawsc.com
                                           ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**RAYMOND G. FARMER**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

July 6, 2021

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
MAIN STREET AMERICA ASSURANCE COMPANY
4601 TOUCHTON ROAD EAST, STE. 3400
JACKSONVILLE, FL 32246

Dear Sir:

On July 6, 2021, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 184578, <u>Aero Services, Inc. v. MAIN STREET AMERICA ASSURANCE COMPANY</u>, 2021-CP-40-01628.

By:

*/s/ Gwendolyn Fuller McGriff*

Gwendolyn L Fuller
General Counsel
(803)737-6732

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Lowell E. Bernstein
       Post Office Box 583
       Columbia, SC    29202